Thank you, Your Honor. Good morning, Your Honors. Russell Handy, representing the plaintiff and appellant, Arroyo. I'd like to reserve three minutes of your time for review. The question before the Court is whether or not the District Court abuses discretion when it declined to exercise supplemental jurisdiction, after it had exercised it, of course, for almost two years, including ruling dispositively on a motion for summary judgment as to the federal claim. We believe that the District Court did abuse its discretion, and the reason why it did that is that it identified two factors, two reasons why it felt that there were exceptional circumstances and compelling reasons. Neither of the reasons that the District Court gave are relevant or appropriate or properly analyzed. This is exactly what the District Court said. After going through California's procedural rules and noting how they differed from the federal, the District Court then said this, First of all, I'd like to address the easy one, the burden on the courts. This Court, in the executive software decision, has said that's a completely inappropriate basis for denying supplemental jurisdiction. This Court said, And so for the District Court to say, look at the burdens, the ever-increasing burdens on the federal court, and identify that explicitly as one of the reasons why it is declining to exercise supplemental jurisdiction, is abusive. The Supreme Court has said that when a District Court relies upon an improper factor, that it's an abusive discretion. Turning to the more significant one, the forum chopping point. The District Court found that Plaintiff Arroyo, by choosing the federal forum, and not subjecting himself to the more burdensome state court procedural rules, was therefore evading state court procedural rules, and this was an exceptional circumstance. As a practical matter, at the time that the judge decided not to exercise supplemental jurisdiction, it seemed to me that the only ones of the California procedural rules that matter at that point, most of which were pleading, was the amount of the filing fee. Because the rest, A, had been satisfied, and B, this far down the case, don't really matter anymore. So that leaves the filing fee. And I gather there was a somewhat substantial difference in the filing fee, is that right? Yes, the filing fee for high-frequency litigants is an additional $1,000 in addition to the normal filing fee. So we're talking about $1,000. But again, the reason for that, as we stated in our briefs, the reason for that, and this is found in the California Code of Civil Procedure 425.50, is to ensure that the courts are not overburdened, and are able to provide access to the judicial system for all persons seeking redress. They need more money. And the case back to California is just more burden, and not the less burden. That's exactly right. Following this court's analysis, there will be a whole second lawsuit filed. And if we win, and remember, there were architectural barriers, and granted some redress, we're taking that, a win already under the federal law, and starting litigation again in state court. Maybe this collateral stop, or maybe it was race judicata, but certainly there is on perhaps a liability portion of it. And so the defense is just going to go through a whole second lawsuit. And if we win, they'll not only pay our attorneys fees, but they'll have to reimburse those costs, including that $1,000 higher filing fee. And so it places this tremendous burden on the defendants here. When there was one court who had everything before it, could adequately rule and give closure. And of course, the courts that are doing this, they're creating an impetus on folks like myself who handle plaintiff's ADA law. Do we file only in state court, and therefore not be able to take federal claims, substantial federal claims in federal court? Do we only file in federal court, and then we have to worry about the handful of judges who are now getting rid of them on the basis of exceptional circumstances? What about the asserted state interest in, there was another state interest as I understand it, which is essentially not promoting strike suits where people, where the frequent litigants and frequent lawyers, including yourself, try to get early settlements for small amounts of money and never actually get to correcting any ADA barriers. But that didn't happen here either. That's correct, Your Honor. And of course, we don't have those factors in this case. But that was a big, I was part of behind the scenes negotiating all the different, the SB1608 in 2008, the 1186 in 2012, the AB1521 in 2015. I know exactly what the concerns were, the compromises that were made. First, there was a concern about attorneys who were running around doing demand for money letters without even going to court. These were extortionate. And that's why one of the amendments of the SB1186 banned any demand for money letters prior to a lawsuit being filed. And then, of course, there was a whole bunch of these plaintiffs running around filing small claims where you don't even get permanent injunctive relief. So they were only seeking money with no fixes. And this was considered by the California legislature to be an evil. And so therefore, they speak about it directly in the uncodified section of, I think it's uncodified section 24 of SB1186, where they say, very small number, abusing the law with quick demands for money, pay me now or pay me later schemes without seeking or obtaining actual repair. But when you file in federal court with a federal cause of action, the only remedy that's available under Title III of the ADA is injunctive relief. You cannot get a single dollar under the federal Title III ADA claim. Oh yes, but if you're a supplemental jurisdiction, you can still do the same thing. Right, right. But what I'm saying is it clearly cannot be characterized as a case only for money or for a quick settlement. This is a federal court case file where you're seeking injunctive relief. It's only based to be in there. And in this case- But you can't settle it without the injunctive relief. You can. There's no question about that. But in our case, this is the judge that was sitting on top of the case where he only found that there was a viable ADA case that had merit. Remember, this was the ruling that there was uneven parking access with high slopes, 55-inch transaction counter, path of travel in the store that measured as low as 12 inches. These are complete barriers to wheelchair users. And then he ordered injunctive relief. What if the district court, you know, right at the outset of the case had declined supplemental jurisdiction under 1367C4, right at the outset, said, you know, this is an evasion of California's system. I'm just going to not take supplemental jurisdiction and I'll go forward with the ADA claim. Would your arguments be the same? They would be the same, Your Honor. It would be abusive. And here's why. Remember, the executive software case is the big dog, right? It's the big case. It's deep and binding precedent. It's been cited to by seven other circuits. There's 2,000 authorities that cite to it. And it's very clear that a district court does not have unfettered discretion, that a district court, that there are statutorily enumerated reasons why they can decline to exercise supplemental jurisdiction. You have to identify it and then apply the gift factors. Here, that C4 exceptional circumstances, forum shopping is not an exceptional circumstance. The Supreme Court has said there are countless places. But the state has a clear policy that it wants to apply to its state law claim, and you're coming to federal court in order to strip out those provisions of state law that they want to govern their state law claim. Why isn't that something that can be taken into account as a matter of comity? Well, Your Honor, there's always a difference in state procedural rules and federal procedural rules. The federal courts have just as much an interest... No, but this is unique to this cause of action, and it's specifically stated to have been done to protect California businesses from abuse. And the whole thing is nullified by coming to federal court and stripping out all those protections. But first of all, all the protections are not stripped out because the same protections are found in federal court. But second of all, these are procedural... The same procedures, the same pleading requirements, the verification, the filing fee, all those are in federal court? There's not an additional filing fee, but of course that's to help the California courts with their resources. There's an ADR packet 20, which requires us to do all those things, provide information, detailed information about the nature of the barriers, to have a stay on the process, to have an early evaluation at settlement conference where everything is state. We outlined it in great detail in our briefs. Is there any preclusion? Is the point of the ADR procedures that any settlement is supervised so that a kind of strike settlement is precluded? Is that your contention? I think what it is is that these are small-dollar cases that can get out of control. So everyone wants them to be settled early. They're important cases. They have to be brought. Remember, in California, they're not trying to avoid these cases. In their most recent amendment to the statute, they said, and I quote, protection of civil rights of persons with disabilities is of utmost importance to the state, and private enforcement is the essential need of achieving that goal, as the law has been designed. They're not trying to get rid of these cases. They just want to make sure there's not abusive cases. And so one of the procedures they come up with is let's allow a defendant to stay the action, have an early evaluation, as overseen by a mediator or a court, where there's a clear exchange of information. Counsel, this is Judge Baldwin, and I'd like to get in here and just... Do you agree that the standard of review is an abuse of discretion that we have to apply in this case? Only once a court has... Do you agree that the standard of review is an abuse of discretion? Yes, I do, Your Honor. All right. The second question, under determining whether there's an abuse of discretion, we have to, the court has to determine there is definitely and a firmly conviction on our part, on the appellate court, that the trial court abuses discretion. Do you agree that's the standard that applies in determining whether or not there's an abuse of discretion? Partially, Your Honor. With respect to applying the gift... Let me finish my thought in regards to this matter, because what the trial court did, he gave you everything that you were asking for. He gave you the injunction. He then concludes that he is not going to hear the damage issue, and he relates everything that Judge Collins has already indicated to you as to why, in regards to comedy, economy, that it makes no sense for him to decide that when California has gone to great lengths in addressing these issues. Now, how does that constitute an abuse of discretion? Here's why it's an abuse of discretion. The court was not free to talk about comedy and to talk about the state's interest before it identified an exceptional circumstance, right? That's what executive software says. It's a two-step process. We've identified that, counsel. Am I looking at what the trial court did? Yeah, but he did not. There is no exceptional... Forum selection, choosing federal court because it has better, favorable procedural rules for a client is not exceptional. The Supreme Court said it's commonplace. Judge Fees, as we quoted, says it's commonplace. The Supreme Court said it. Countless plaintiffs do it. Judge Lorenz said it's not an unusual circumstance. This is so common. It's done everywhere, and this is both by plaintiffs who are choosing their forum and defendants who choose to have a case removed to federal court. You choose a forum that seems to be best for your client. Let me ask you this question. Looking at Carnegie and Mellon, it says, we believe that compelling reasons for the purpose of subsection C-4 similarly should be those that lead a court to conclude that declining jurisdiction best accommodates the state the values of economy, convenience, fairness, and comedy. Why doesn't that apply here? As the executive software... I know that the Tenth Circuit is different on this. This is one of the things where we have a split among... I'm not looking at the Tenth Circuit. I'm looking at a Supreme Court case. Which case are you looking at, Your Honor? I'm looking at Carnegie and Mellon. So... 484 U.S. at 350, note 7. Yeah. So all of the cases that predate the supplemental jurisdiction statute when it became codified, like Dibbs and the other ones, they all talk about this... that they apply these factors. These are the factors that the court looks at. What changed was when the statute became codified, right? And this is what the Ninth Circuit's jurisprudence is. They said that Congress intended that the exercise of discretion, those things, are only triggered by the identification of a factual predicate. You have to... It's a two-step process. You don't get to even get to those issues of comedy and substantial predominance and all that unless you first identify one of the enumerated factors. Here, the court only identified exceptional circumstance. That was C-4. Right, C-4. And that's why our whole argument is we don't get to those discretionary factors unless they have properly found exceptional circumstance. Remember, that's a de novo review. That's not a... Anyways, what I'd like to say is that... I think Judge Baldock still has a question. No, he's answered my question. Okay. You're way over your time. But I have one last question. Defendants, police, come to try and switch gears and say that there's a novel state issue here as to how the damages statute applies. Is that a cognizable question at this point? I don't believe so, Your Honor. A, you'd have to first identify an exceptional circumstance again before you start talking about is there a novel... I think you're arguing maybe it isn't C-4. Maybe it's the novel question. Right, that's a different factor. That's, I believe, C-2 or C-3. I guess our position is California's come up with a set of procedural rules. It is naturally concerned about abusive litigation. Federal court has very similar ones. In every district, they've come up with their own. There's nothing unique about that. And this is classic Erie. Federal court has its own procedures. State court has its own procedures. The idea that they may have better procedures and therefore a court can just kick it, that's not exceptional. Choosing the best forum for your client is not exceptional. It is every day. It's what we do in this trade is we look at what the best forum is for our client. That's what we're supposed to do. It's actually malpractice, perhaps, if we don't. Okay. Your time is up. We'll give you a minute to rebuttal. Thank you. Mr. Handy, when six minutes over, we'll give you three extra minutes. Thank you, Your Honor. You have 13 minutes. Thank you, Your Honor. James Link on behalf of Appellee Carmen Rosas. Mr. Handy keeps speaking of the statutory requirements as procedural. These procedural requirements have very substantive effects. Well, you could have argued they were substantive and therefore Erie applies. You could have, but if they're substantive, then they apply in federal court, but you're not arguing that. No, we're not arguing that because courts have already decided that it's a procedural statute. What I am saying is they have substantive effects. If we have a pleading in which the date of the visit is alleged, if we have a pleading in which the alleged violations are fully alleged, if we have... Doesn't our on-bank opinion enchantment require a good deal of that anyway, for standing purposes? For standing purposes, of course it does, but then the bank... So you do have to allege the date and when you were there and a lot of the things that are in the California statute in order to get standing in federal court. But they're not alleged, Your Honor, and they're not alleged because there's not a procedural requirement enforcing it. They're not alleged... But it's required... ...to move to dismiss for lack of standing at the beginning of the case. Right, and that will lead to more attorney's fees for the blanket because leave to amend will be given. They will then provide for more specificity, but if we know... The question I have is, did he just invoke this too late? I mean, after you've ruled on the ADA claim and found an ADA violation, as I understand it, that predicate would establish at least one element of the state claim. If you're then sent to state court, do any of these special rules have any bearing at that point? Sure they do. Other than the filing fee, what relevance is it? Sure they do. The pleading of the high-frequency litigant... But you know he was a high... You put in the briefs how high-frequency the litigant is, so the fact that it's not in the complaint makes not one little difference. It makes a great deal of difference because now if we have it in the complaint, we have the number of cases that have been filed. We now have that... Why does that matter to a particular defendant in a particular case? Am I even questioning whether it's a constitutional requirement? But leaving that aside, why does it matter to a particular defendant in a particular case whether this litigant has filed 10 cases or 100 cases? Because now that is more likely sent to a jury and put in front of a jury, now that it's part of a pleading, it can be tested with the plaintiff on the witness stand. I only filed 10 cases when it turns out to be 150. Whatever it might be, that is now squarely before the court. But it's not relevant. If I were the defense lawyer, I'd say it's not a relevant question. No, it's very... It's not relevant. It's relevant to credibility. Is that what you're saying? It's very relevant to credibility. And it's now squarely before the court. You can't ask him that in federal court before you get to the jury? I'm sorry, say again? You can't ask him that in federal court in discovery before you get to a jury? How many thousands and thousands of dollars later are we talking about in defense costs? The fact of the matter is... No, but wait a minute. You're now positing something that's only going to be useful if you get to a jury. So, therefore, it isn't relevant at the pleading stage. It's only relevant when you get to the jury. It's still relevant at the pleading stage, Your Honor. If we are looking specifically at the pleading stage, it's still relevant because we can now gather up complaints. We can gather up other complaints involving a plaintiff with the date of the visit, if we know the date of the visit. Frankly, Your Honor... But in this instance, you know... Not only in this instance, but under Chapman, you know that there is a visitor or else the person is out of court. They're not out of court, Your Honor. That's the problem. It's just going to be leave to amend. Well, that's what the California court do. If they don't allege the right thing, then they can amend it and allege the right thing. Well, that's true. But once we have that requirement before the court imposed on the plaintiff, along with the other pleading requirements, specific pleading requirements, of what the violation was and all of those things... And in this case, which of the pleading requirements were not met? Which of the pleading... Date was not alleged. What was not alleged? The date of the visit. Right. It wasn't in the AGR papers, and so you knew it really early on, right? Well, my client did. It was handling this case in pro per, yes. My client would have, yes. But again, that's attorney's fees burnt. Now, they were in pro per, but in the standard case, that's attorney's fees burnt. I'm sorry. Why is it attorney's fees burnt? Because now you're involved... Where are the attorney's fees burnt? Because in order to get... In order to proceed in federal court, they have to give you the date, and they did. Frankly, we don't use this process because it's a waste of time. It's attorney's fees burnt because you have to file a stay, and there's a stay process and the mediation process... Let me ask you a more global question. Can you tell me any case in which procedural differences and pleading differences between state and federal court was considered an exceptional circumstance under C-4? The exceptional circumstance under C-4 is, I believe, the comedy requirement. No, I want you to answer my question. Is there any case in which procedural differences between state and federal court of which are leaving is an exceptional circumstance under C-4? No, I don't think that's the exceptional circumstance at all. I think the exceptional circumstance is the forum shopping to remove... Well, Mr. Handy is surely right that forum shopping between state and federal court goes on every day. If there is otherwise appropriate... It's never been considered a basis for not exercising supplemental jurisdiction. Has it? Let's ask that question. Has forum shopping ever been considered a basis for C-4? We have a unique statute here, Your Honor, and, yes, there are at least two cases that we've cited in the opening brief that said the forum shopping to avoid the statutory requirements under state law is, in fact, extraordinary and exceptional. And the courts found that they would deny or decline supplemental jurisdiction. Is this connected or I guess another thing? In connection with this... Otherwise, I mean, there are allegiant differences between federal and state law, and we have, for example, all kinds of differences with regard to how summary judgment proceeds, and that's a big one in California. I mean, it's much easier to get summary judgment in federal court than in state court. So if somebody goes to state court for that reason, and someone comes in and says, oh, you can't do that, and this is an exceptional circumstance, and you should not exercise supplemental jurisdiction over the statute, because in state court you couldn't get summary judgment, is that a reason? I don't think you have this... No, that's not a reason, but you don't have the same exceptional circumstances that you have in the legislature establishing... The legislature itself in 425.55 said this is extraordinary, this is unique is the word it used. What are they trying to do? They're trying to get the cases out of California courts, so now we're going to send them back to California courts and give them more cases? Yes, Your Honor, and I'll tell you why. The federal courts have the damages in these cases wrong. Plante admits that... But on that, that is not what the district court relied upon, right? No, but I think we have a right to make that argument to a staff... Well, you might, but it's an abuse of discretion standard, and you didn't consider it. But I think we have a right to make that argument to say... Yes, of course. Even if there was an abuse. We have... You can make the argument to the district court. I'm sorry, say again? You can make that argument to the district court. No, Your Honor, because, well, I wasn't there, and the case was handled improper. So, no, that argument was not made. The fact of the matter is... I'd like to go back to the question I had before, because I only heard one answer to it, and I'd like to know if there's anything further, which is, at this stage, when you go back to state courts saddled with the finding on the ADA, and knowing that Section 51F says that a violation of the ADA is a violation of the UNRRA Act, what's left of these special state procedural protections? And putting the number of filings in, that's one thing you've said. Is there anything left to these procedural special protections other than the filing fee? To the procedural special protections? No, Your Honor. But what we have argued is that... But then doesn't that suggest there wasn't a factual basis for the comity concerns that he identified in his ruling? I think, Your Honor... It was too late. You could consider it too late, but we've pointed out that the damage analysis in the federal courts is wrong. And as a matter of... If you're going to say it was too late to do that, I would say that's a harmless error, given the fact that, as a matter of comity... With an abuse of discretion, if he relied on factors that aren't valid or don't have any weight, then we can't redo it. It's got to go back, and maybe there could be another assessment, but it's an abuse of discretion if there's no basis for it factually, isn't it? Well, no, Your Honor, I disagree. I think that you could say that there is, in fact, no reversible error here because it's clear from the very distinct statements of law made in federal and state court over what is necessary to prove his damages. Then you have a matter of comity that should allow for not only the procedural aspects of the statute to be applied by the state courts on state law claims, but also you have these issues of what are the damages, how are damages proved up. Plaintiff said in the case it's automatic. It's not automatic. He now admits it's not automatic in the reply brief. And we have burden of proof issues that haven't been resolved under California law. All of those... But, as Judge Collins says, even if... I have no idea whether... There's nothing... That also is a may, i.e. the district court doesn't have to refuse to assert supplemental jurisdiction because there's an obligation to state law. It's discretionary. And he didn't address that and he didn't raise it. So it's not before us. I believe it is before you, Your Honor, because I believe you can, in fact, affirm on any ground that exists... So only on a ground that... But it's an abusive discretion standard and he could have not refused jurisdiction on that ground had it been raised to him. It becomes critical whether it was raised to him. So we can't affirm it on that ground because we don't know what he would have done if it were presented to him and he would have had discretion as to what to do. Well then, Your Honor, if that's... If I'm wrong and we're not talking about a harmless error issue, then it should be sent back for consideration under C1 and C2. I think it's... Yes, C1 and C2, Your Honor, because the issues do, in fact, predominate. So send it back for further consideration. When you talk about whether this is predominant, you're looking at the whole case. And here, the main issue in the case, liability, has been settled. And as Judge Collins keeps questioning, I mean, at this point, the district judge admitted that this is completely inefficient at this point. He knew. The predominance of the damage claims over the hit measure and level issues is significant. You've got a jury trial that's entitled to hear evidence regarding the claim for damages, in our opinion, whether or not there was malice. All of those issues significantly require the court to exercise more time and effort than it would on... for tape measure and level issues. So they would predominate. And also, you've got... But you're starting two-thirds through the case as to the predominance question. Besides which, it's not before us because it isn't what the district court did. I understand that, Your Honor. And I would say if I'm incorrect by my analysis, this should be seen as harmless error because it's clear in the record that there is a conflict between federal and state law on the issue of state law damages. Then I would say send it back to the court for further consideration under C-1 and C-2. Okay, your time is up. No, it's not. Yes, it is. I think that includes your extended time. About a minute, Your Honor, but that's okay. All right. Go for a minute more. Go ahead. No, unless there are other questions, I think I've said my piece. Okay, thank you very much, Mr. Holden. One minute. Yes, thank you, Your Honor. First, we did a legislative visit. July of 2018, it's in the complaint, and then it was added, of course, under the ADR procedures. Second, if there is a substantive effect, if it's outcome-determinative, federal courts do apply it. Even when it's deemed to be procedural rules or found in the rules of civil procedure, that happens all the time. So nothing substantive is unavailable to a plaintiff, in this case, in this situation. And by the way, the litigiousness of a plaintiff never comes in front of a jury. And we do not have to. Even under the state procedural rules, we don't have to identify how many cases we had. That's not true. We only have to identify whether we qualify as a high-frequency litigant, which means more than 10 cases in the preceding 10 months. And we state right on the front of the form, high-frequency litigant, and that we qualify. That's it. It's not the actual numbers of cases. That never has to be done as part of the state procedural rules. And moreover, even if it had been, and it's not, that never comes in front of a jury. In fact, this court talked about extensively in the case of Mulsky v. M.J. Cable, 481 F. 3rd 724, where they actually overturned a jury verdict. Who got to hear those things, saying litigiousness is highly presidential and has nothing to do with the actual issues before the court. Finally, there are no other cases. I couldn't find a single case where a court anywhere said that because a state has better or more amenable or more burdensome procedural rules for a plaintiff, that a plaintiff acts inappropriately by avoiding those things and going to federal court. And that would be a basis, that would be an exceptional circumstance or a basis for a court to decline to accept supplemental jurisdiction. Well, the opposite might be a ground and comes up in remand cases. I.e., if the state procedures are more amenable. For example, with regard to Article III standing or mootness, where some states are more forgiving than the federal courts are with regard to mootness issues. I know under remand rules, and I think maybe under, but I don't know this, under supplemental jurisdiction, that it might be a reason for not exercising supplemental jurisdiction and holding that there's no standing if the person would have standing in state court. Yes, Your Honor. I think some of those things came up under abstention principles as well when they were using those factors, but the Quackenbush decision versus Allstate clarified, and it says, if it's a state claim for damages, abstention principles do not apply. And so here it's a state claim for damages that we're talking about. Finally, I would just say, there's no evidence in the record and the legislative history anywhere that California believes that the federal courts are incapable of ensuring that an abusive case is not being brought. They have their own procedures to make sure there's no abusive case being brought. There's nothing that would suggest that California feels that its interests are impinged upon because the resources and the quality of the federal bench are somehow incapable of making sure that legitimate cases go forward and abusive cases don't. It's just hard to fathom. I do believe this is a docket-clearing exercise, and it's a handful of judges only, and they just happen to be the judges that I appear in front of all the time who do not like this area of law and have said so on the bench, and they have found an angle to basically create great difficulties for an ADA plaintiff who's a serial filer, which this court has approved of, in numerous decisions saying it's necessary to carry out these important public policy principles. And so I would ask the court to take a look at it, look at the discretion that is cabined under the executive software decision. You don't just get to make things up, like forum shopping, as an exceptional circumstance when it's done all the time. We don't even get to the good factors. Okay, your time is up. Thank you both. Great. Thank you very much. Thank you. Royal v. Rosas is submitted. We will take a ten-minute break. Thank you very much.
judges: Baldock, Berzon, Collins